UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIAM R. ABBOTT** | : | **DOCKET NO. 20-cv-1539** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SEKOU MA'AT** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner William R. Abbott. Abbott is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Abbott is in custody pursuant to a judgment entered in the United States District Court for the Eastern District of Virginia. Doc. 9, p. 1, ¶ 4. The petitioner alleges he sent the warden a request for release to home confinement. The petitioner contends that he is at high risk for complications from COVID-19. On September 22, 2020, the warden denied the request. *Id*. at p. 2, ¶ 6. He seeks immediate release from custody.

## II.
## LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The petitioner filed this habeas petition seeking a compassionate release from prison. A request for compassionate release is not cognizable in a § 2241 petition because it concerns the medical needs of a prisoner, not unconstitutional or illegal confinement. *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009). Therefore, this court lacks jurisdiction to consider the petitioner's request for compassionate release. If the petitioner wishes to pursue his request for

compassionate release, he may do so by filing a motion to reduce sentence under 18 U.S.C. § 3582(c) in the sentencing court.

### III.
#### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the Motion for Temporary Restraining Order (doc. 2), Motion for Discovery (doc. 4) and Motion for Leave to File Supplemental Appendices (doc. 7) are **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 21st day of January, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE